```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
BASILIO RODRIGUEZ,                                  :
                                                    :
                        Plaintiff,                  :
                                                    :
        -against-                                   :
                                                    :       COMPLAINT
DAONA INC. d/b/a DAONA, ZOA 73                      :
MARKETPLACE INC. d/b/a DAONA                        :
MARKETPLACE, MODUWA 84 INC. d/b/a                   :
MODUWA YORK 84, and IL KWANG NOH                    :
                                                    :
                        Defendants.                 :
------------------------------------------------------------------- X
```

Plaintiff Basilio Rodriguez ("Rodriguez" or "Plaintiff"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Daona Inc. d/b/a Daona, Zoa 73 Marketplace Inc. d/b/a Daona Marketplace, Moduwa 84 Inc. d/b/a Moduwa York 84 (collectively, the "Grocery Stores"), and Il Kwang Noh (collectively with the Grocery Stores, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1. Plaintiff is a former stocker, janitor, and flower organizer at Defendants' Grocery Stores, three gourmet grocery stores on the Upper East Side of Manhattan. Plaintiff regularly worked sixty hours or more per week throughout his employment, but Defendants paid him on a weekly salary basis that failed to compensate Plaintiff for regular hours worked at the statutory minimum wage rate and failed to provide Plaintiff with overtime pay for hours worked over forty per workweek. Defendants also failed to provide Plaintiff with: (1) spread-of-hours pay when he worked shifts spanning over ten hours, (2) wage notices at his time of hire, and (3) accurate wage statements with each payment of wages.

2. Plaintiff brings this action to recover his unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, statutory damages, pre-and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the NYLL's Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred at the Grocery Stores, which are located and operated by Defendants in the Southern District of New York.

## THE PARTIES

**Plaintiff Basilio Rodriguez**

5. Basilio Rodriguez resides in Bronx County, New York.

6. Defendants employed Rodriguez as a stocker, janitor, and flower organizer from approximately September 2018 through September 2022.

**The Corporate Defendants**

7. Defendant Daona Inc. is a New York corporation that owns, operates, and does business as Daona, a grocery store located at 201 East 81st St, New York, NY 10028 ("Daona").

8. Defendant Zoa 73 Marketplace is a New York corporation that owns, operates, and does business as Daona Marketplace, a grocery store located at 1357 1st Ave, New York, NY 10021 ("Daona Marketplace").

9. Defendant Moduwa 84 Inc. is a New York corporation that owns, operates, and does business as Moduwa York 84, a grocery store located at 1592 York Avenue, New York, NY 10028 ("Moduwa 84").

10. Throughout Plaintiff's employment, each of the Grocery Stores had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. In the three years preceding the filing of this Complaint, the Grocery Stores, individually and collectively, have had an annual gross volume of sales in excess of $500,000.

12. Throughout Plaintiff's employment, the Grocery Stores employed at least eleven employees.

**Defendant Il Kwang Noh**

13. Defendant Il Kwang Noh ("Noh") is an owner and principal of each of the Grocery Stores.

14. Noh is identified as a principal of each of the Grocery Stores in New York State Liquor Authority filings.

15. At all relevant times, Noh held and exercised power and authority over personnel decisions at the grocery stores, including the power to discipline employees, hire and fire employees, set employee schedules, set employee wage rates, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

16. For example, Noh hired and fired Rodriguez.

17. Noh set Rodriguez's schedule at the Grocery Stores and determined his pay rate.

18. If Rodriguez had to miss a day of work, he would inform Noh.

19. Noh distributed Rodriguez's and other employees' pay.

20. Noh was present on a near-daily basis at each of the Grocery Stores and oversaw operations.

21. Noh exercised sufficient control over the Grocery Stores' operations and Plaintiff's employment to be considered Plaintiff's employer under the FLSA and the NYLL.

**The Grocery Stores Operated as a Single Integrated Enterprise and/or Jointly Employed Plaintiff**

22. Throughout Plaintiff's employment, the Grocery Stores operated as a single integrated enterprise jointly employing Plaintiff.

23. Although registered as individual corporate entities, the Grocery Stores are under common ownership and management.

24. For example, Noh is the owner of all three Grocery Stores.

25. Noh exercised operational control and authority, including control and authority over personnel policies and practices, over each of the Grocery Stores.

26. This common control and management resulted in the common control of labor relations among the Grocery Stores, including common wage payment and employee policies and practices.

27. For example, Noh assigned Rodriguez to work at each of the Grocery Stores throughout his employment.

28. Regardless of which of the Grocery Stores Rodriguez was assigned to work at by Defendants, Rodriguez's regular schedule, rate of pay, and employment duties remained the same.

29. Defendants also transferred other employees among the Grocery Stores.

30. The Grocery Stores use the same suppliers for produce and Defendants transfer produce among the Grocery Stores.

## FACTUAL ALLEGATIONS

**Basilio Rodriguez's Hours Worked and Pay**

31. Rodriguez worked as a stocker, janitor, and flower organizer throughout his employment at the Grocery Stores.

32. From approximately September 2018 through December 2019, Defendants assigned Rodriguez to work at Moduwa 84.

33. During this period, Rodriguez regularly worked from 7:00 a.m. to 5:00 p.m., six days per week (Monday through Saturday), totaling approximately sixty hours per workweek.

34. From approximately January 2020 through February 2022, Rodriguez worked at Daona.

35. During this period, Rodriguez regularly worked from 7:00 a.m. to 5:00 p.m., six days per week (Monday through Saturday), totaling approximately sixty hours per workweek.

36. From approximately March 2022 through September 2022, Rodriguez worked at Daona Marketplace.

37. During this period, Rodriguez regularly worked from 7:00 a.m. to 5:00 p.m., six days per week (Monday through Saturday), totaling approximately sixty hours per week.

38. Throughout his employment at the Grocery Stores, Rodriguez worked up to eighteen hours per day on holidays such as Valentine's Day, Easter, Mother's Day,

Memorial Day, Fourth of July, Father's Day, Thanksgiving, Christmas Day, and New Year's Day.

39. From approximately September 2018 through September 2019, Defendants paid Rodriguez $800 per workweek.

40. From approximately October 2019 through September 2022, Defendants paid Rodriguez $850 per workweek.

41. At points during his employment, Plaintiff's regular wage rate fell below the statutory minimum wage rate for large employers in Manhattan.

42. Defendants did not pay Plaintiff spread-of-hours pay on days when he worked shifts spanning over ten hours.

43. Defendants did not provide Plaintiff with wage notices at his time of hire or when his wage rate changed.

44. Throughout his employment, Defendants paid Plaintiff's wages without accompanying wage statements accurately reflecting, *inter alia,* his hours worked, and hourly rate paid.

## FIRST CLAIM
### (NYLL – Unpaid Minimum Wages)

45. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

46. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652, and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

47. The NYLL and supporting NYDOL regulations require that employers pay employees at least the minimum wage for each hour worked up to forty per workweek.

48. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

49. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff minimum wages.

50. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## SECOND CLAIM
### (FLSA – Unpaid Overtime Wages)

51. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

52. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

53. Defendants were required to pay Plaintiff one and one-half (1½) times his regular hourly rate for all hours worked in excess of forty hours per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

54. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

55. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff overtime wages.

56. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

57. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

### THIRD CLAIM
### (NYLL – Unpaid Overtime Wages)

58. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

59. Pursuant to the NYLL and supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.1, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked over forty per workweek.

60. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

61. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

62. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

### FOURTH CLAIM
### (NYLL – Spread-of-Hours Pay)

63. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

64. Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the statutory minimum wage rate for each day during which he worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 N.Y.C.R.R. § 142-2.4.

65. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

## FIFTH CLAIM
### (NYLL WTPA – Failure to Provide Wage Notices)

66. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

67. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

68. In violation of NYLL § 195(1), Defendants failed to furnish Plaintiff at the time of hiring, or whenever his rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

69. As a result of Defendants' violations of NYLL § 195(1), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b)

## SIXTH CLAIM
### (NYLL WTPA – Failure to Provide Accurate Wage Statements)

70. Plaintiff repeats and incorporate all foregoing paragraphs.

71. The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

72. Defendants failed to furnish Plaintiff, with each payment of wages, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the

9

hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

73.     As a result of Defendants' violations of NYLL § 195(3), Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. declare that Defendants violated the minimum wage provisions of the NYLL and supporting NYDOL regulations;

b. declare that Defendants violated the overtime wage provisions of the FLSA, the NYLL, and supporting regulations;

c. declare that Defendants violated the spread-of-hours pay provisions of the NYLL and supporting regulations;

d. declare the Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

e. declare that Defendants' violations of the FLSA and the NYLL were willful;

f. enjoin and permanently restrain Defendants from further violations of the FLSA and NYLL;

g. award Plaintiff damages for unpaid minimum and overtime wages;

h. award Plaintiff damages for unpaid spread-of-hours pay;

i. award Plaintiff liquidated damages;

10

  j.  award Plaintiff statutory damages as result of Defendants' failure to furnish Plaintiff with wage notices and accurate wage statements as required by the NYLL's WTPA;

  k.  award Plaintiff pre- and post-judgment interest under the NYLL;

  l.  award Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

  m.  award such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
    January 18, 2023

            PECHMAN LAW GROUP PLLC

            By: _____
            Louis Pechman
            Galen C. Baynes
            488 Madison Avenue, 17th Floor
            New York, New York 10022
            Tel.: (212) 583-9500
            pechman@pechmanlaw.com
            baynes@pechmanlaw.com
            *Attorneys for Plaintiff*